15296

BAKER v. HARTFORD FIRE INSURANCE CO.

(15 S. E. (2d), 756)

466

March, 1941.

*Mr. Joseph L. Nettles,* of Columbia, *Mr. J. D. Parler,* of St. George, and *Messrs. Felder & Rosen,* of Orangeburg, for appellant,

*Mr. T. B. Bryant, Jr.,* and *Mr. A. J. Hydrick,* both of Orangeburg, for respondent,

July 16, 1941.

The opinion of the Court was delivered by Mr. Associate Justice Stukes.

This is a suit upon a policy of fire insurance which was tried before his Honor, Judge Thurmond, and a jury at the March, 1941, term of the Court of Common Pleas of Orangeburg County.

After the reading of the pleadings and the introduction in evidence of the policy, the plaintiff rested. The defendant offered no evidence and both plaintiff and defendant moved for direction of the verdict for them, respectively. After argument the trial Judge directed the verdict in favor of the plaintiff and from such, and the judgment entered thereupon, the defendant has appealed upon exceptions which will not be treated separately, but will be disposed of in what will be said.

The execution and delivery of the policy were admitted in the answer. The controversy revolves around the effect of the pleadings which will be quoted insofar as they are relevant to the appeal. The third paragraph of the complaint is as follows: "III. That on November 2, 1935, while the said policy was of force, the said two-story shingle roof frame dwelling house was destroyed by fire, and that on account thereof the said defendant, Hartford Fire Insurance Company, is indebted to the plaintiff in the sum of one thousand dollars with interest as provided for by law."

The answer does not contain a general denial, and the only matter relating to the quoted allegations of the com-

plaint is the following: "III. So much of Paragraph 3 as alleges that the assured (insured?) building was damaged by fire at about the time therein mentioned is admitted but the remainder of that paragraph is denied."

Affirmative defenses were alleged in the answer, but we are not concerned with them for, as has been noted, the appellant offered no evidence to sustain them.

The required contents of an answer are expressly set forth in Section 467 of the Code of Civil Procedure of 1932, as follows:

"(1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

"(2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

It was tersely and accurately said by Mr. Justice Woods in *Kirven v. Chemical Co., 77* S. C., 493, 58 S. E., 424, 426, with reference to this section of the Code: "All that this means is that any paper purporting to be an answer must contain either a denial of a material allegation of the complaint or new matter constituting a defense or a counterclaim, or it will be no answer."

Applying the plain provisions of the Code to the language quoted above from the pleadings, we conclude that the answer raised no issue with respect to the destruction of the insured building. Had the defendant desired the trial of such an issue a general or appropriate specific denial would have accomplished it as would have the insertion in the answer of allegations of a partial loss.

Analysis of the quoted contents of the pleadings will show that the defendant virtually admitted the allegation of the complaint of the destruction of the insured building and there could be no question of the effect of the answer thereabout except for the use of the word "damaged" in the place of plaintiff's word "destroyed." Such difference cannot be

reasonably considered "a general or specific denial" or "new matter," within the requirements of the Code.

For the reasons indicated the exceptions are overruled and judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.